ROBERT A. BURNS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108271. Promulgated June 3, 1942.

*Robert J. Holmes, Esq.,* for the petitioner.
*T. G. Histon, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $259.36 in individual income tax for 1939. He disallowed the personal exemption on the ground that petitioner's wife, on her separate return, claimed the exemption. Respondent now claims a penalty for failure to file a return under oath.

Petitioner is a resident of Winchester, Massachusetts, where he lives with his second wife. He was divorced from his first wife, to whom and their three sons he contributed support. His wife filed a separate return for 1939 in which, with his knowledge and consent, she took a personal exemption of $2,500 as a married person living with her husband. He filed, in the District of Massachusetts, a

separate return, not under oath, in which he took a personal exemption of $2,500 as head of a family.

Section 25 (b) (1), Internal Revenue Code, gives the personal exemption of $2,500 to "the head of a family or a married person living with husband or wife." It expressly provides, "A husband and wife living together shall receive but one personal exemption." Since petitioner and his wife were living together, they were, in explicit terms, limited to but one personal exemption, which "may be taken by either or divided between them." Since they agreed that the exemption should be taken by the wife, and it was so taken, there was none left for the petitioner to take. The Commissioner's determination disallowing the exemption is sustained.

The respondent, by affirmative allegation in his answer, alleges that the petitioner filed no return under oath, and proved that the return although signed was not sworn to. This requires the addition of the 25 percent penalty, *Plunkett* v. *Commissioner*, 118 Fed. (2d) 644.

> *Decision for the deficiency and penalty will be entered for the respondent.*